tion, the demurrer must be overruled, with leave to the defendants to answer in twenty days.

In case the plaintiff amends his complaint, the costs of the demurrer will abide the event of the action. Otherwise, the order will direct the payment of costs by the defendants.

## McKENZIE *a.* RHODES.

*Supreme Court, First District; General Term, Sept.,* 1861.

### ATTORNEY'S LIEN FOR COSTS.*

Where, in an action by a husband against his wife and others, to set aside conveyances, by the husband, of property to a third party, and by the third party to the wife, in which action a receiver of the property conveyed had been appointed, the attorney for the wife had received no compensation for his services, and had in addition rendered himself liable to pay fees of counsel associated with him in the suit at the wife's request, and the parties to the action had settled the suit with notice to the wife's attorney, who then expressed his willingness

---

* In DE GRAW *a.* BOARDMAN (*Supreme Court, First District, Chambers, August,* 1861), it was *Held*, that where defendant shows, in answer to an application for an attachment for not complying with an order in supplementary proceedings, that he has settled the judgment with plaintiff, the court will not look beyond the papers to see if the attorney's lien has been disregarded.

LEONARD, J.—The plaintiff moves for an attachment on affidavit, showing that the defendants failed to appear at the return-day of proceedings supplementary to execution.

The defendants show, by affidavits, etc., that before the return-day they settled with the plaintiff and obtained a satisfaction-piece of the judgment from him, duly executed.

This is all that appears from the papers.

I cannot look outside of the papers to ascertain whether the lien of the plaintiff's attorney, for his costs, has been disregarded in the settlement.

The motion is denied, without costs.

In four cases of THE EAST RIVER BANK *a.* KIDD (*Supreme Court, First District, Chambers, October,* 1861), it was *Held*, that section 293 of the Code, which provides that after the issuing of execution against property, any person indebted to the judgment-debtor may pay to the sheriff the amount of his debt, or so much thereof as shall be necessary to satisfy the execution, does not deprive an attorney of his lien for costs on a judgment in favor of such judgment-debtor.

The cases came up on a motion to vacate a certain modification of an order of

McKenzie *a*. Rhodes.

to waive compensation for his services if the sums in which he was liable to his associate counsel and his disbursements were paid him :—*Held*, on appeal by the wife's attorney from orders discontinuing the action and discharging the receiver, that the orders must be vacated unless the plaintiff consented to pay disbursements and counsel-fees for which the wife's attorney was liable or which he had paid.

discontinuance. It appeared that on the 21st day of August, 1861, the plaintiffs procured an order of court *ex parte*, that the plaintiffs have leave to discontinue the four actions, and that the plaintiffs pay to the defendants named in the order their costs to be taxed. The costs were adjusted, when the plaintiffs, under section 293 of the Code, sought to pay the judgments to the sheriff upon an execution against the defendant in favor of one Jenkins. The defendant's counsel then obtained, *ex parte*, an order modifying the order above recited so far as to direct the plaintiffs to pay to defendant's attorneys the costs to be taxed. Plaintiffs then made this motion to vacate such modification.

*Banks & Anderson*, for the plaintiffs.—I. In this case execution has been issued by Charles Jenkins; and by section 293 of the Code, the plaintiffs had the right to pay the debt to the defendant, to the sheriff on that execution. The court will not, on motion, deprive the plaintiffs of a statutory right.

II. The cases cited by defendant's counsel only show that on a motion the court will refuse to interfere to the prejudice of the attorney's lien. In this case the defendants ask the court to go much further; they ask the court to direct a satisfaction of the lien.

III. In a motion which is in the discretion of the court, it may refuse relief in furtherance of a statutory right where such right is not favored; but it has no power to grant a motion which will deprive a party of such statutory right.

IV. The order directing payment to the defendant's attorneys should be vacated, and the parties left to their rights under execution and under the statutes.

*G. Sackett*, for the defendant.—This is not a case of set-off, but it was formerly held in cases of set-off that one judgment would not be set off against another, as between same parties, so as to prejudice the attorney's lien for costs (Cole *a*. Grant, 2 *Cai.*, 105 ; Devoy *a*. Boyer, 3 *Johns.*, 247) ; and it is so now in the Superior Court. (Smith *a*. Lowden, 1 *Sandf.*, 696 ; Gihon *a*. Fryatt, 2 *Ib.*, 638.) This rule was changed in Nicoll *a*. Nicoll (16 *Wend.*, 446), giving the statute of set-off a more imperative construction as between parties mutually holding judgments against each other. (See, also, Martin *a*. Kanouse, 17 *How. Pr.*, 146 ; 9 *Abbotts' Pr.*, 370, *note*.) The changing of this rule does not in any way affect the case in question ; the attorney's lien would still be protected on motion, though it cannot be recognized in an action to procure a set-off by reason of the statute. In the cases in question the statute of set-off is not applicable ; the judgment-debtor insists on the right to pay the judgment for costs to a third party, and asks the protection of the court in so doing. The judgment in this case equitably belongs to the attorney, and he is entitled to all the rights of an assignee. (Wilkins *a*. Batterman, 4 *Barb.*, 47 ; Ainslie *a*. Boynton, 2 *Ib.*, 258.) And no equity whatever can be violated by directing payment to the attorney. The case of Sherwood *a*. Buffalo & N. Y. City R. R. Co. (12 *How. Pr.*, 136) is claimed as a case directly in point, to the effect that the attorney's lien for costs is paramount to the claim of a third party having a judgment.

CLERKE, J., on this ground, denied the motion, without costs.

Appeal from orders discontinuing action, and discharging the appointment of receiver.

This action was commenced in August, 1859, to set aside two conveyances made on the 10th and 11th November, 1857, by which the leasehold property, No. 765 Broadway, in the city of New York, was assigned by the plaintiff to Rhodes, and by Rhodes to Jane McKenzie, who was the wife of plaintiff. The property was worth about $35,000, and at the time of the conveyance was mortgaged for $8,500.

About seven months after the assignment of the property to her, Mrs. McKenzie left her husband, and commenced an action against him for a limited divorce, on the grounds of cruelty, drunkenness, &c.; he defended the action, and demanded a divorce from her on similar charges. After a protracted litigation, it was determined by the court, that no cause for divorce appeared on either side, and the complaint was dismissed.

The present action was commenced while the divorce suit was pending: the plaintiff alleging that the conveyances by which the title to the property was transferred to his wife were made without consideration, and while he was in a state of complete intoxication, induced by his wife, for the purpose of obtaining the conveyances.

In the month of October, 1858, Mrs. McKenzie employed Mr. Samuel J. Glassey, as her attorney and counsel, to prosecute her action for divorce, and defend her in the various suits and proceedings, about being commenced, in relation to the property in question. From that time, until October, 1860, he continued to act on her behalf, together with Mr. C. N. Emerson and Mr. James T. Brady, who were employed by him at Mrs. McKenzie's request.

In the action to set aside the conveyances of the property in Broadway, a receiver was appointed to collect the rents, and deposit it in the U. S. Trust Co. The action was brought on for trial at the November special term, 1859, before Mr. Justice Ingraham, who ordered special issues to be made up, and tried before a jury at the circuit.

At the circuit in January, 1860, the issues were tried, and the jury disagreed. In February succeeding, a second trial was had, and the jury found a verdict for the plaintiff on all the issues.

McKenzie a. Rhodes.

The plaintiff immediately applied for judgment, and the defendant (Mrs. McKenzie) moved for a new trial, on the ground that the verdict was against evidence. Mr. Justice Allen, who presided at the circuit, ordered both motions to be heard together at the special term, and stayed proceedings in the mean time.

The case was argued at the special term in June, 1860, before Mr. Justice Sutherland, by Messrs. McKeon and Noyes for the plaintiff, and Mr. James T. Brady and Mr. Glassey for Mrs. McKenzie. No decision had been rendered up to September, 1860, when Mr. and Mrs. McKenzie met at Stamford, Conn., settled their personal quarrels, and Mrs. McKenzie executed a reconveyance of the property in dispute. This settlement was made without the knowledge of any of Mrs. McKenzie's counsel, and no provision was made for the payment of their fees, costs, or disbursements.

Being informed of it by letter, Mr. Glassey sent to Mrs. McKenzie a letter, in which he expressed satisfaction at the settlement being made, suggested the propriety of her providing for the payment of the disbursements incurred, and the counsel-fees due by her to other persons; and expressing a willingness to release her from all claim for his personal services.

After this letter was sent, it appeared that Mrs. McKenzie had consented to the withdrawal of the money deposited with the receiver, and both parties refused to make any provision for the payment of either costs, counsel-fees, or disbursements.

Mr. Glassey, upon learning this, commenced proceedings to secure his own and his associates' fees. Upon his motion, the receiver was required to repay into the Trust Co., some $1,500, which he was about paying to Mr. McKenzie, on his wife's order. The money being in the Trust Co., the plaintiff moved at special term to be allowed to discontinue the action, without costs, and to withdraw the money from the Trust Co. The receiver applied to be discharged. The motions were based upon the facts above stated, and Mrs. McKenzie, the defendant, joined in them.

The motions were heard together at the special term, and decided in favor of the plaintiff, the following opinion being rendered by the court.

This action has, in fact, been settled by the parties. The de-

McKenzie a. Rhodes.

fendant has reconveyed to the plaintiff the property in contro-
versy, and she has, in writing, consented that the moneys which
were in the hands of the receiver, $1,500 of which has been
deposited by him in the U. S. Trust Co., should be paid to the
plaintiff.

The papers do not show satisfactorily that this settlement was
brought about by undue influence on the part of the plaintiff,
or that the settlement was the result of a fraudulent conspiracy
between the parties to defraud the attorney of the defendant of
his costs.

If the attorney of the defendant has no lien for his costs upon
the fund so deposited in the Trust Company, the motions made
on the part of the plaintiff for an order that the moneys so de-
posited in the Trust Company, and the balance in the hands of
the receiver, should be paid to him, and for an order of discon-
tinuance of the action, on the written consent of the parties
should be granted.

It is very clear that the attorney for the defendant can have
no lien on this fund for his costs. There has been no judgment
in the action determining the fund to belong to the defendant.
By the settlement, the defendant has admitted the right and
title of the plaintiff to the property and fund in question. Surely
the attorney for the defendant has no lien for his costs on the
property of the plaintiff.

An attorney has a lien for his costs on the papers of his client,
which may come into his hands in the prosecution or defence of
the action, and, under certain circumstances, on the amount
which his client may recover in the action; but if his client
never recovers any thing, this lien must be confined to the papers
of his client, which may have come into his hands in the prose-
cution or defence of the action.

In this action, the question was, whether the defendant had
fraudulently and improperly obtained a conveyance of the prop-
erty in question from the plaintiff: if she had, then the prop-
erty was the property of the plaintiff, notwithstanding his con-
veyance to her; if she had not, then the property was her prop-
erty: so that you may say the question in the action was,
whether the property was the plaintiff's or the defendant's.

The parties certainly had a right to settle this controversy;
and they have settled it before judgment.

The effect of the settlement was, to declare the property to have been and to be the plaintiff's.

To allow that the defendant's attorney has a lien on the fund in question for his costs, would, in effect, compel the plaintiff to pay costs incurred, not only without his authority, but against his rights, as acknowledged and recognized by the settlement.

In the absence of collusion or fraud to deprive the attorney of the defendant of his costs, I can see no principle upon which I can refuse to give the plaintiff what the settlement acknowledges to be his.

It follows, also, from this view of the question as to the attorney's lien, that the motion on the part of the receiver to be discharged, on his paying to the plaintiff the balance remaining in his hands, according to Mr. Fowler's report, should be granted ; and also, that the motion on the part of the defendant, or of her attorney, for an attachment against the receiver, should be denied, but without costs to either party on either motion.

From the orders entered on this decision, Mr. Glassey appealed to the general term.

*John McKeon,* on behalf of the plaintiff, raised the preliminary objection, that the appellant had no standing in court, the appeal being taken by Mr. Glassey in his own name, and he not claiming to represent the interest of Mrs. McKenzie, it being conceded that she had forbidden him to appear for her.

The court overruled the objection, holding that the attorney had the right to take the appeal on his own behalf and in his own name.

*Samuel J. Glassey,* the appellant, in person.—I. The court will not enter an order of discontinuance in an action of this character, involving the rights of a married woman and minor children, until due inquiry is made of all the equities in the case, and particularly as to the manner in which the alleged settlement was made.

II. The court will not enter such an order until the rights and equities of its own officers, including the attorney and counsel in the case, are known and preserved.

III. The attorney and counsel of Mrs. McKenzie have, in

courts of equity and law, an equitable lien upon a fund in court, procured and secured by their services and exertions, for their costs, expenses, fees, and disbursements in the suit. (*Beames on Costs*, 311, 312 ; Turwin *a.* Gibson, 3 *Atk.*, 720 ; Anonymous, 2 *Ves., Sr.*, 25 ; Farewell *a.* Coker, 2 *P. Wms.*, 461 ; Fairland *a.* Enever, 1 *Dich.*, 114 ; 1 *Bacon Abr.*, 504, tit. *Attorney*, F ; *Ex parte* Price, 2 *Ves.*, 407 ; Lann *a.* Church, 4 *Mad.*, 319 ; Irving *a.* Vianna, 2 *Y. & J.*, 70 ; *Cross on Law of Lien*, 228, 229 ; Read *a.* Dupper, 6 *T. R.*, 363 ; Rasquin *a.* Knickerbocker Stage Co., *MS.*, July 17, 1861 ; People *a.* Hardenbergh, 8 *Johns.*, 335.)

IV. Mrs. McKenzie was the owner of the property, the rents of which constitute the fund in question. Upon the credit and possession of this property, she obtained the services of her attorney and counsel. She contracted with them upon representations of ownership, and there is as yet no judgment of the court affecting her ownership. Her ownership of the property was recognized upon and by the "settlement" itself. The plaintiff abandoned his action as untenable, and sought and obtained, by considerations and inducements held out to his wife, a reconveyance, recognizing her title, and submitting to the payment out of the accrued rents of a mortgage made by her.

V. Under this state of facts, this court will presume that a settlement between the appellant and the respondent was either procured by violence or fear, or, if voluntarily made by the parties, had, for one of its purposes, the intent, fraudulently, to deprive her agents and counsel of their claim upon the fund so preserved through their exertions. (Anonymous, 2 *Ves., Sr.*, 25 ; Pinder *a.* Morris, 3 *Cai.*, 165 ; Martin *a.* Hawks, 15 *Johns.*, 405.)

VI. The alleged settlement (made without the knowledge of her counsel), and the peremptory discharge of her attorney, so far from dissolving the equitable lien, rather strengthens it, in view of the protection which the courts have always afforded its officers. For it raises the strong presumption of purposed fraud and collusion. (Sharstin *a.* Hapsly, 4 *Vin. Abr.*, 103 ; Griffiths *a.* Griffiths, 4 *Han.*, 590.)

VII. Should this settlement be adjudged good and sufficient to authorize a discontinuance of the action, and deprive the attorneys and counsel of a married woman of all claim and lien

upon her separate property, it opens a wide door of fraud—a temptation to undue influence .and fear on the part of husband and wife, and would tend to limit the separate personal rights designed to be secured by legislation on this subject. (MAULE, J., Davis a. Lounds, 2 C. B., 827; 1 Bac. Abr., 504; 2 Halstead, 4.)

VIII. The claim here preferred on the part of the attorney, is not only sustained by the English decisions cited; but, if said to be novel and without precedent, should be established upon every principle which has governed courts of equity in the protection they have maintained for their own jurisdiction and their own officers.

IX. The lien of the attorney and counsel in this case should not only be adjudged to extend to the case before the court, but also to the divorce suit also in this court between the same parties. (Ex parte Sterling, 16 Ves., Sr., 259; Dennete a. Cutts, 11 N. H., 163; 14 Vt., 247.)

X. It should also extend not only to what may be called taxable costs in the case, but also to such reasonable compensation as the attorney and counsel should receive for their services. (Rooney a. Second Avenue R. R. Co., 18 N. Y., 368; Ward a. Wordsworth, 1 E. D. Smith, 598, in which the whole doctrine is fully discussed.)

John McKeon, for the respondents.—I. That as no judgment, or even verdict, appears in favor of defendant, he has no lien. The attorney's lien must be perfected by judgment, to preclude a settlement in disregard of it. (Shank a. Shoemaker, 18 N. Y., 489; Benedict a. Harlow, 5 How. Pr., 347; Brown a. Comstock, 3 Code R., 142.)

II. In suits between husband and wife, the court will not, for the purpose of protecting attorneys, prevent a discontinuance. The solicitor's claim for costs will not be permitted to stand in the way of a reconciliation between the parties. And where the wife, being plaintiff, agreed to discontinue the suit, on being allowed a separate maintenance,—Held, she had a right to compromise the suit, and her solicitor had no lien for costs which could prevent it. (Kirby a. Kirby, 1 Paige, 565.)

III. The court appointed the receiver to receive and hold the rents, and to discharge liens, until such time as it should be

ascertained to whom the property in question belonged. That has been settled by the conveyance by the defendant, Mrs. McKenzie, to belong to Mr. McKenzie. The receiver's duty is at an end, and he should be discharged on paying moneys which of right belong to Mr. McKenzie. A receiver is an officer appointed by the court to hold moneys received during litigation, claimed by two parties, until it is settled to which of the parties the fund belongs. When that result is ascertained, the court will order the receiver to pay to the party entitled, and that the receiver be discharged. (*Edwards on Receivers*, 2, 3.)

*Charles N. Emerson* was heard in reply.

By THE COURT.*—CLERKE, P. J.—We think the order of discontinuance in this case, entered on the plaintiff's consent, without the knowledge of the defendant's counsel, ought not to be sustained. In the case of a married woman, the court is called upon to protect her and her counsel and attorney from such consent.

In this case, however, the attorney, before the settlement was made, and again after he had notice of the settlement, wrote to his client his approval of the settlement and his willingness to waive his claim for all costs, except the disbursements and counsel-fees for which he had become responsible. We think he cannot now be allowed to withdraw from that consent.

The order of discontinuance must be vacated and set aside, unless the plaintiff, within ten days, serves notice on the defendant's attorney, consenting to pay disbursements and counsel-fees, for which defendant's attorney is liable, or which he has paid; and if the amount is not agreed on, reference is ordered to Nathaniel Jarvis, Jr., Esq., to compute the amount so to be paid.

The other orders appealed from must follow this same order.

* Present, CLERKE, P. J., INGRAHAM and LEONARD, JJ.